IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRA DON PARTHEMORE,

    Plaintiff,                     No. CIV S-06-2026 MCE GGH P

   vs.

JAMES TILTON, et al.,

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss for failure to state a claim filed June 18, 2007, on behalf of defendants Tilton and Campbell. For the following reasons, the court recommends that defendants' motion be denied.

LEGAL STANDARD FOR MOTION TO DISMISS

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and

1

Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

DISCUSSION

This action is proceeding on the amended complaint filed December 5, 2006. Plaintiff seeks monetary and injunctive relief. On June 18, 2007, defendants Milliman and Galloway filed an answer.

/////

1    Plaintiff claims that he is assigned to an inmate porter job which aggravates his
2 hernias in violation of the Eighth Amendment.  Plaintiff alleges that the porter job requires him
3 to lift up to 25 pounds, a duty he should not perform due to his hernias.  Plaintiff alleges that his
4 requests to be moved to a new job or placed on medically unassigned status have been denied.
5    Defendant Tilton is the Director of the California Department of Rehabilitation
6 and Corrections (CDCR).  Defendant Campbell is the Warden at Mule Creek State Prison.
7 Plaintiff alleges that defendant Milliman told him that there was a policy to not grant medically
8 unassigned status to inmates, and that this was "Department policy from Sacramento and
9 enforced by the Warden of MCSP."  Amended Complaint, p. 13: 17-20.
10   Defendants argue that the claims against defendants Tilton and Campbell should
11 be dismissed because plaintiff has not adequately linked them to the alleged deprivations.
12   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
omits to perform an act which he is legally required to do that causes the deprivation of which
complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/////
/////
/////
/////

1         Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged.  See <u>Fayle v. Stapley</u>, 607 F.2d 858, 862
5 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert. denied</u>, 442 U.S.
6 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th
8 Cir. 1982).

9         Supervisory defendants sued in their individual capacities may be liable under §
10 1983 if they personally participated in the alleged deprivations, knew of the violations and failed
11 to act to prevent them, or implemented a policy that repudiates constitutional rights and was the
12 moving force behind the alleged violations.  <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646
13 (9th Cir. 1991); <u>Hansen v. Black</u>, 885 F.2d 642 (9th Cir. 1989); <u>Taylor v. List</u>, 880 F.2d 1040
14 (9th Cir. 1989).

15         In the instant case, plaintiff alleges that he is being forced to work in the porter job
16 in violation of his Eighth Amendment rights based on a policy implemented by defendant Tilton
17 and followed by defendant Campbell.  These allegations adequately link defendants to the
18 alleged deprivations.  Accordingly, the motion to dismiss should be denied.

19         Accordingly, IT IS HEREBY RECOMMENDED that the motion to dismiss filed
20 June 18, 2007, on behalf of defendants Tilton and Campbell be denied; these defendants be
21 ordered to file an answer to the amended complaint.

22         These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED:  10/30/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

8 par2026.mtd