IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRA DON PARTHEMORE,

        Plaintiff,             No. CIV S-06-2026 MCE GGH P

    vs.

JAMES TILTON, et al.,

        Defendants.      ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that he is assigned to an inmate porter job which aggravates his hernias.  Plaintiff alleges that his requests to be moved to a new job or placed on medically unassigned status have been improperly denied.

        Pending before the court is plaintiff's motion to compel filed October 31, 2008.  On November 21, 2008, defendants filed an opposition.

        The motion to compel concerns defendants' responses to interrogatories.  First, plaintiff alleges that defendant Galloway did not adequately respond to interrogatories nos. 1, 2, 9, 10 and 15.  Interrogatory no. 1 asked, "Have you been a defendant in any previous lawsuits for malpractice either within or prior to your position within the California Department of Corrections and Rehabilitation?"  Defendant objected that the interrogatory was not relevant or

1

1  reasonably likely to lead to the discovery of admissible evidence, was overbroad as to time and
2  that the information was equally available to plaintiff.  Without waiving objection, defendant
3  responded "yes."

4         Defendant adequately answered this interrogatory by answering "yes."
5  Accordingly, the motion to compel as to this interrogatory is denied.

6         Interrogatory no. 2 asked, "If the answer to above is affirmative, give details
7  including case numbers and final dispositions."  Defendant objected that this interrogatory was
8  not relevant, overbroad and sought confidential information.

9         Defendant's objection that this interrogatory is overbroad lacks merit.  Plaintiff
10  requests the type of disposition, and it is premature to say that this discovery lacks relevance or is
11  overbroad.  Defendant's "confidential" objection is not supported.  Accordingly, the motion to
12  compel as to this interrogatory is granted.

13         Interrogatory no. 9 asked, "What are, and were, if in the past, the directives and
14  guidelines given to you as a member of the medical staff, in regards to whether to grant or deny
15  inmates' ADA requests?"  Defendant objected that the interrogatory was vague, ambiguous and
16  overbroad.  Without waiving objection, defendant answered that per Title 15, California Code of
17  Regulations, Section 3350, as medical staff, it is his responsibility to ensure that medically
18  necessary treatment is provided to inmates under his care.  CDCR is also under court order to
19  comply with the Armstrong remedial plan.

20         Plaintiff argues that defendant's response is non-responsive.  The court disagrees.
21  According to defendant, he considers whether treatment is medically necessary in considering
22  ADA requests.  In addition, defendant is required to comply with the Armstrong remedial plan
23  when responding to ADA requests.  Because defendant adequately answered this interrogatory,
24  the motion to compel as to this interrogatory is denied.

25         Interrogatory no. 10 asked, "What were (or are) the directives and guidelines,
26  given you, as a member of the medical staff in regards to recommending whether or not inmates'

2

requests to be classified as 'medically unassigned?'"  Defendant objected that the interrogatory was vague, ambiguous and overbroad.  Without waiving objections, defendant again responded that per § 3350 of Title 15, it is his duty to ensure that medically necessary treatment, which includes ADA considerations, is provided to inmates under his care.  He further responded that to the extent he is involved in a recommendation for medical unassignment, the Chief Physician has instructed medical staff that our responsibility is to define an inmate's functional limitations, which will be used when custody staff assigns an inmate to a prison job.

Plaintiff argues that defendant's answer to this interrogatory is non-responsive. The court disagrees.  Because defendant has adequately answered, the motion to compel as to this interrogatory is denied.

Interrogatory no. 15 asked, "What diagnostic tests (e.g., x-ray, MRI, NMR, etc.) do you perform prior to denying inmates' requests for ADA accommodations or 'medically unassigned' status?  Are any such tests performed?"  Defendant objected that this interrogatory was compound and overbroad as to time frame and the information requested.  Without waiving objection, defendant answered that occasionally these tests are ordered as part of a speciality consultation when appropriate.

Plaintiff's request is overbroad because it is not limited to plaintiff's own alleged disabilities on which he seeks medical unassignment.  In other words, this request seeks information regarding how inmates with disabilities different from plaintiff's are tested in order to determine whether they should be unassigned.  Such information is not relevant to this action. Accordingly, the motion to compel as to this interrogatory is denied.

Plaintiff moves to compel further responses to interrogatories nos. 18 and 21 addressed to defendant Tilton.  Interrogatory no. 18 asks, "During your tenure as Director, how many inmate deaths have occurred statewide?"  Defendant objected that this interrogatory was not relevant, overbroad and ambiguous as to the definition of "inmates."

\\\\\

1    Defendant's objection that the term "inmate" is ambiguous is without merit.

2    However, this interrogatory is overbroad because not every death of every inmate during

3    defendant's tenure is relevant to this action.  Accordingly, the motion to compel as to this

4    interrogatory is denied.

5    Interrogatory no. 21 asked, "As Director, have there been previous lawsuits filed

6    personally against you under similar circumstances?  If so, give all details and dispositions."

7    Defendant objected that this interrogatory was not relevant, compound and requested information

8    equally available to plaintiff in the public record.

9    Not every lawsuit filed by every inmate seeking unassigned status naming

10   defendant is relevant to this action.  Some of these lawsuits most likely have been dismissed on

11   the merits.  The facts of many of these lawsuits are clearly not sufficiently similar to this action to

12   make them relevant.  For these reasons, the motion to compel as to this interrogatory is denied.

13   Plaintiff moves to compel further responses to interrogatories nos. 6, 17, 18 and

14   25 addressed to defendant Campbell.  Interrogatory no. 6 asks, "Why is a 'layperson' allowed to

15   make final decisions as to whether to grant ADA accommodations or grant 'medically

16   unassigned' status as opposed to medical staff?"  Defendant objected that this interrogatory was

17   vague, ambiguous as to the term "layperson," compound, argumentative, and assumed as true

18   facts which are not supported.  Without waiving objection, defendant responded that to the extent

19   plaintiff sought information on who classifies an inmate as medically unassigned, such a

20   classification was based on medical staff's clinical recommendation of an inmate's functional

21   limitations.

22   The assertion in the interrogatory that laypersons are allowed to decide whether to

23   grant medically unassigned status is an unsupported fact.  In any event, defendant's response that

24   medical staff recommend whether an inmate is medically unassigned adequately answers this

25   interrogatory.  Accordingly, the motion to compel as to this interrogatory is denied.

26   \\\\\

1    Interrogatory no. 17 asked, "During your tenure as warden of Mule Creek State

2  Prison, how many lawsuits have been filed against you as a result of your job assignments and/or

3  quality of medical care?"  Defendant objected that this interrogatory was not relevant, compound

4  and that the information sought was equally available to plaintiff in the public record.

5    This interrogatory is overbroad in that not every lawsuit filed against defendant

6  regarding medical care is relevant to this action.  Therefore, defendant's objection that the

7  interrogatory seeks information not relevant to this lawsuit has merit.  Accordingly, the motion to

8  compel as to this interrogatory is denied.

9    Interrogatory no. 18 asked, "During your tenure as warden at Mule Creek State

10  Prison, how many inmate deaths were there?"  Defendant objected that this interrogatory was

11  overbroad in time and scope, vague and ambiguous as to time and "inmate," and not relevant.

12    Defendant's objection that the term inmate is ambiguous is without merit.

13  However, not every inmate death that occurred while defendant was the warden at Mule Creek

14  State Prison is relevant to this action.  Accordingly, the motion to compel as to this interrogatory

15  is denied.

16    Interrogatory no. 25 asked, "While acting as warden of Mule Creek State Prison,

17  did you ever conduct or order to be conducted an evaluation of the medical department policies,

18  inmates complaints and/or a general quality control' analysis?"  Defendant objected that this

19  interrogatory was vague and ambiguous as to "quality control analysis," compound, overbroad in

20  time and scope, and not relevant.  Without waiving objection, defendant answered "yes, inmate

21  complaints were reviewed regularly."

22    It is unclear what information plaintiff is seeking in this interrogatory.  In any

23  event, whether defendant reviewed *all* medical department policies or policies regarding inmate

24  complaints is not relevant to this action.  Accordingly, the motion to compel as to this

25  interrogatory is denied.

26  /////

1        Accordingly, IT IS HEREBY ORDERED that plaintiff's October 31, 2008,

2  motion to compel (no. 49) is denied with the exception of Interrogatory 2, supra..  Defendant

3  Galloway shall answer this interrogatory within twenty days without further objection.

4  DATED: 12/09/08

5                                          /s/ Gregory G. Hollows

6  _____
                                UNITED STATES MAGISTRATE JUDGE

7  parth2026.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26